UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| OAK STREET FUNDING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-02245-RLY-MJD |
| | ) | |
| PELEG HALPERN, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

The Undersigned previously ordered Defendant to show cause why this case should not be remanded for lack of subject matter jurisdiction. The parties filed briefs on the issue as instructed by the order to show cause. Having considered those briefs, the Undersigned now **RECOMMENDS** that the District Judge **REMAND** this case to the Hamilton Superior Court.

**I. Background**

Plaintiff Oak Street Funding LLC filed this case in Hamilton Superior Court; Defendant Peleg Halpern removed it to this court. Defendant summarizes the general allegations in Plaintiff's Complaint as follows:

> Oak Street loaned money to Alpha Capital Partners, LLC ("Alpha Partners") pursuant to a Master Credit Agreement ("Credit Agreement"). [ECF No. 11-1 at 2, ¶ 9.] Mr. Halpern is not a party to that Credit Agreement, but he is bound by certain of its terms. [Id. at 3-4, ¶¶ 16-17.] Mr. Halpern executed a Continuing Limited Guarantee for Oak Street's benefit, guaranteeing Alpha Partners' performance of the Credit Agreement, with a maximum liability of $50,000. [Id. at 1, ¶ 3.]
>
> Oak Street alleges that Mr. Halpern committed fraud and that he transferred, sold, disposed of, or encumbered Oak Street's collateral for its loan to Alpha Partners. [Id. at 7, ¶ 37.] Oak Street asks the Court to declare that the $50,000 liability limit in Mr. Halpern's Limited Guarantee is void, making his personal liability under that guarantee unlimited. [Id. at 7-8, ¶¶ 37-39.]

[Dkt. 24 at 1-2.] More precisely, Plaintiff asks the Court to declare that, pursuant to the provisions of the Limitation of Liability clause in the guarantee, Defendant's liability under the guarantee is unlimited because of certain actions Plaintiff alleges were taken by Defendant.

## II. Discussion

The Court is at all times under an obligation to ensure that it has subject matter jurisdiction over a case before it. "Under Article III of the United States Constitution, there must be an actual dispute between parties with adverse legal interests for a court to hear a case or issue." *Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc.*, 660 F.3d 988, 999 (7th Cir. 2011). One aspect of subject matter jurisdiction is ripeness. *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 544 (7th Cir. 2008) ("[R]ipeness, 'when it implicates the possibility of this Court issuing an advisory opinion, is a question of subject matter jurisdiction under the case-or-controversy requirement.'") (quoting *Wisconsin Cent., Ltd. v. Shannon,* 539 F.3d 751, 759 (7th Cir. 2008)). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (internal citations omitted).

In this case, there is not yet a ripe dispute between the parties such that this Court may exercise subject matter jurisdiction over this case. There is certainly a dispute between the parties—they disagree, in the abstract, on the application of a term in the loan guaranty at issue. But Defendant's own description of the current state of events makes it clear that whether that term will ever need to be applied in the real world depends on contingent future events—namely, whether Plaintiff ever seeks to recover from Defendant under the loan guaranty. As Defendant explains:

> Oak Street's allegations—taken as true, as is required at this stage—describe a breach of the Credit Agreement, entitling Oak Street (1) to accelerate as due the entire outstanding amount of its loan to Alpha Partners, and (2) to seek that accelerated sum from Mr. Halpern.
>
> Specifically, Section 8(a)(vii) of the Credit Agreement states that any failure to perform its provisions constitutes an Event of Default. Upon an Event of Default, Oak Street can accelerate and seek payment of the loan's entire outstanding balance. [ECF No. 11-1, Ex. B at 38, § 8(a).] The Complaint alleges Mr. Halpern breached multiple provisions of the Credit Agreement and thus alleges an Event of Default, permitting Oak Street to accelerate as due the full loan amount. [ECF No. 11-1 at 1-8.] Section 6 of Mr. Halpern's Limited Guarantee allows Oak Street to seek to collect that accelerated sum immediately from Mr. Halpern, up to his $50,000 limit. [ECF No. 11-1, Ex. A at 11, § 6.]

[Dkt. 24 at 2.] Whatever the contract might give Plaintiff the right to do, unless and until Plaintiff actually exercises its right under the contract to accelerate and seek to recover under Defendant's guarantee, anything that this Court says about the contract term would be an advisory opinion, which the Court may not issue. *See Sweeney v. Raoul*, 990 F.3d 555, 557 (7th Cir. 2021) (noting the "longstanding prohibition on federal courts issuing advisory opinions").

> Defendant argues the following:
>
> Whether Mr. Halpern's liability is limited to $50,000 or is unlimited (as Oak Street requests the Court to find), is a material issue to Oak Street's decision making. Suing Mr. Halpern now given the parties' dispute likely does not make sense if Mr. Halpern's liability is limited to $50,000 as the Limited Guarantee provides. Discovery on that dispute would cost Oak Street more than it could ultimately recover. Oak Street could rationally make a different decision, however, if Mr. Halpern's liability is unlimited. Oak Street has thus asked the Court for a declaration of the parties' respective rights, given the alleged (and disputed) facts, so that it can make a reasonable business decision.

[Dkt. 24 at 4.] But federal courts are not permitted to decide cases merely to aid parties in making business decisions. Rather, they are permitted only to decide actual, concrete disputes between parties. If Plaintiff is not yet ready to bring an actual claim for relief under its contract

3

against Defendant, then it does not have a ripe claim and this court lacks subject matter jurisdiction over this case.[1]

### III.  Conclusion

For the reasons set forth above, the Undersigned **RECOMMENDS** that this case be **REMANDED** to the Hamilton Superior Court because this court lacks subject matter jurisdiction over it.

Any objections to this Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated:  17 JUL 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

[1] The case relied upon by Defendant, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007), is readily distinguishable.  The holding of that case depended on the fact that its circumstances were analogous to the well-established rule that "where threatened action by *government* is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat—for example, the constitutionality of a law threatened to be enforced.  The plaintiff's own action (or inaction) in failing to violate the law eliminates the imminent threat of prosecution, but nonetheless does not eliminate Article III jurisdiction." *Id.* at 128-29 (emphasis in original).  In *MedImmune*, the Supreme Court held that the same is true in "situations in which the plaintiff's self-avoidance of imminent injury is coerced by threatened enforcement action of *a private party* rather than the government." *Id.* at 130 (emphasis in original).  That situation is simply not present here; taking the facts alleged in Plaintiff's Complaint as true, Defendant has **already** committed the acts that Plaintiff alleges lead to Defendant having unlimited liability under the guarantee.  Plaintiff is simply asking this court to opine whether, if Plaintiff should decide to sue Defendant under the guarantee for more than $50,000.00 based on events that have already occurred, Plaintiff would win.

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.